# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JENNIFER S. SWANSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>        Defendant. | CV 15-42-BU-BMM<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff Jennifer Swanson (Swanson) initiated this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of Social Security (Commissioner), denying her application for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383(f).

## **JURISDICTION**

The Court has jurisdiction under 42 U.S.C. § 405(g).

## BACKGROUND

Swanson alleges disability since June 2003, due to panic attack disorder, anxiety, depression, and agoraphobia. Swanson's claim was denied initially and on reconsideration. Swanson appeared without counsel at an administrative hearing in December 2011. The administrative law judge (ALJ) determined that Swanson did not qualify for benefits under the Social Security Act. The Appeals Council granted Swanson's request for review and remanded the case for further proceedings and a new decision.

Swanson appeared with counsel at the administrative hearing on remand. The ALJ issued a second decision. The ALJ found that Swanson was not disabled within the meaning of the Social Security Act. The ALJ concluded that Swanson possessed the residual functional capacity to perform a reduced range of light work that included the following activities: laundry folder, mail clerk, parking or toll attendant, and food and beverage order clerk. The Appeals Council denied Swanson's request for review. This denial made the ALJ's decision the agency's final decision for purposes of judicial review.

The Court referred the case to United States Magistrate Judge Jeremiah C. Lynch for findings and recommendations. Judge Lynch entered his Findings and Recommendation on August 29, 2016. (Doc. 33). Judge Lynch concluded that the

Commissioner's decision should be affirmed because it was supported by substantial evidence and was free of legal error. Judge Lynch recommended that this Court enter judgment in favor of the Commissioner. (Doc. 33 at 17). No objections were filed.

## STANDARD OF REVIEW

The Court reviews for clear error findings and recommendations to which no objections are filed. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## DISCUSSION

Burnett argued that the Commissioner's decision should be reversed because the ALJ erred: 1) by not giving proper weight to the opinions of treating nurse practitioner Rebecca White; 2) by not giving proper weight to the opinions of treating physician Dr. Christina Quijano; and 3) by not providing clear and convincing reasons for discrediting some of her testimony; and (4) by not finding that her mental impairments satisfied the criteria for a presumptive disability under Listing of Impairments 12.04 Part B.

### A. Nurse Practitioner White's Opinions

Nurse practitioner White saw Swanson approximately twelve times between January 2012 and August 2013. White opined in April 2013 that Swanson's

"anxiety and physical issues [made] it impossible for her to be employed" at that time. (AR 872). White opined in June 2013 that Swanson had extreme anxiety which could be paralyzing in her ability to perform even simple activities of daily living. (AR 826). White opined in August 2013 that Swanson was "unable to work due to her many acute anxiety issues and phobias." (AR 1026).

White does not qualify as an acceptable medical source because there is no evidence in the record that she was closely supervised by a physician or that her findings were endorsed by a physician. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). An ALJ may discount White's opinions so long as the ALJ provides germane reasons for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012).

The ALJ considered White's opinions as to the severity of Swanson's anxiety-related limitations, but gave them little weight because they were not consistent with the other medical evidence in the record. The ALJ discussed Swanson's mental health treatment records at great length in his decision. (AR 40-44). The ALJ provided a germane reasons for discounting White's opinions. No legal error occurred.

## B. Dr. Quijano's Opinions

Dr. Quijano saw Swanson once in January 2013. Dr. Quijano opined that Swanson's anxiety disorder was "causing severe disability and [was] interfering with her ability to obtain employment." (AR 878). The ALJ gave Dr. Quijano's opinions limited weight. (AR 51).

An ALJ may discount the opinions of a treating physician so long as the ALJ provides "specific and legitimate reasons supported by substantial evidence in the record." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

The ALJ provided specific and legitimate reasons for discounting Dr. Quijano's opinions. The ALJ noted that Dr. Quijano had seen Swanson on only one occasion. The ALJ found that Dr. Quijano's opinions were not supported by the medical records of treating physicians Dr. Thomas Heriza and Dr. Howard Layman who treated Swanson over an extended period of time. The records of Drs. Heriza and Layman showed that Swanson's symptoms were moderate, rather than severe and disabling. (AR 51). No legal error occurred.

## C. Swanson's Testimony

The ALJ determined that Swanson's testimony of disabling anxiety-related symptoms to be only partially credible. The ALJ discounted Swanson's testimony because: (1) the medical evidence in the record did not support Swanson's

testimony; (2) Swanson had not complied fully with the treatment regiment prescribed by her health care providers; (3) Swanson's testimony was not consistent with statements she had made to her counselor; and (4) Swanson was able to move from Montana to New York during the relevant period, and Swanson was able to go on a three-week vacation in October 2009. The ALJ provided clear and convincing reasons for discounting Swanson's credibility. The ALJ did not err in discounting Swanson's testimony.

### D. Listing of Impairments 12.04 Part B

The ALJ determined that Swanson's mental impairments did not meet or equal the criteria for a presumptive disability under Listing of Impairments 12.04 Part B for affective disorders. The ALJ relied upon the testimony of medical expert Dr. Michael Enright. Dr. Enright testified that Swanson could perform simple, repetitive work activity on a sustained basis so long as: (1) she was not required to understand and remember detailed instructions, and (2) she was allowed to work independently with only intermittent contact with the general public and supervisors. (AR 52). The ALJ's determination was based on substantial evidence. The ALJ provided clear and convincing reasons for discounting Swanson's testimony of disabling symptoms. No legal error occurred.

## **CONCLUSION**

The Court agrees with Judge Lynch that substantial evidence supports the ALJ's determination. I find no error in Judge Lynch's Findings and Recommendations and adopt them in full.

## **ORDER**

1. The Commissioner's decision is AFFIRMED.

2. This case is DISMISSED with prejudice.

3. The Clerk is directed to enter judgment in favor of the Defendant.

DATED this 16th day of November, 2016.

_____
Brian Morris
United States District Court Judge